UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILLIP DEWAYNE STEWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:22-cv-00449-PLC |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Phillip Dewayne Stewart's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court orders petitioner to show cause as to why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

**Background**

Petitioner is a self-represented litigant who states that he "filed" this action "while incarcerated." More precisely, it appears that when he submitted the instant petition, he was in the custody of a state prison in Arkansas, though it is unclear whether he is still an inmate in the Arkansas Department of Corrections.[1]

On March 12, 1998, a grand jury indicted petitioner on two counts of sexual abuse. *State of Missouri v. Stewart*, No. 2198R-01202 (21st Jud. Cir., St. Louis County).[2] On June 25, 1998, he pleaded guilty to one count of sexual abuse, with the second count being dismissed. *State of*

---

[1] A search for petitioner by both name and inmate number returned no results from the Arkansas Department of Correction's online inmate locator.

[2] Petitioner provides his case number as "98-CR-1202." Upon reviewing his records on Case.net, Missouri's online case management system, the Court has determined that his actual case number is 2198R-01202. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

*Missouri v. Stewart*, No. 2198R-01202-01 (21st Jud. Cir., St. Louis County). On that date, he was sentenced to four months in custody, credited for time served, and ordered to be released. Petitioner did not file an appeal.

On January 12, 2012, petitioner pleaded guilty to first-degree battery in Arkansas state court. *State of Arkansas v. Stewart*, No. 60-cr-10-1859. Thereafter, on June 25, 2012, he pleaded guilty to failing to register as a sex offender. *State of Arkansas v. Stewart*, No. 60-cr-12-558. As a result of these convictions, petitioner states that he was given a ten-year sentence. Furthermore, he asserts that because of the 1998 Missouri conviction, his sentence was enhanced, and he had to serve one-hundred percent of the sentence, instead of the "one third of [his] ten year prison sentence" he "normally" would have been required to serve. (Docket No. 1 at 13). The Court notes that it appears petitioner's failure to register offense in Arkansas was related to his 1998 Missouri conviction, to the effect that the 1998 conviction required him to register as a sex offender.

On October 6, 2021, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Arkansas. *Stewart v. Arkansas Department of Corrections*, No. 4:21-cv-925-LPR (E.D. Ark.). In the petition, he challenged his 1998 Missouri conviction for sexual abuse. The Eastern District of Arkansas dismissed the petition without prejudice on December 10, 2021. In its order, the Eastern District of Arkansas noted that petitioner's 1998 Missouri conviction had been fully served, and that petitioner was collaterally attacking a conviction for which he was not currently incarcerated. Petitioner did not file an appeal.

Petitioner filed the instant petition on April 13, 2022, by placing it in his prison's mailing system.[3]

---

[3] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

**The Petition**

Petitioner brings his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is handwritten on a Court-provided form and is fifty-eight pages long. On the first page, petitioner notes that he is challenging a 1998 conviction, and that his sentence concluded on June 25, 1998. (Docket No. 1 at 1). He acknowledges that he has never sought direct review of this case, with the exception of his unsuccessful petition for writ of habeas corpus in the Eastern District of Arkansas. (Docket No. 1 at 2).

The petition contains four separate grounds for relief: (1) unlawful detainment; (2) double jeopardy; (3); prosecutorial misconduct; and (4) ineffective assistance of counsel. (Docket No. 1 at 5, 17, 28, 35). All of petitioner's grounds stem from the same set of facts leading to his conviction.[4]

To begin, petitioner asserts that he was arrested by the City of Pine Lawn police on February 11, 1998. He states that the arrest was unlawful because there was no witness statement accusing him of a crime in Pine Lawn, and because he was not questioned.

Petitioner explains that he was held three days in the City of Pine Lawn, until he was arrested by the City of Overland police on February 13, 1998. As before, he alleges the arrest was unlawful because there was no witness statement accusing him of a crime in Overland. According

---

[4] The Court notes that these same facts were also the basis of seven separate civil rights actions filed pursuant to 42 U.S.C. § 1983. All of these cases were dismissed on initial review. *See Stewart v. Caldwell*, No. 4:20-cv-675-SEP (E.D. Mo. May 29, 2020) (case dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Stewart v. Goldfarb*, No. 4:21-cv-5-JAR (E.D. Mo. Apr. 6, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)); *Stewart v. Johnson*, No. 4:21-cv-6-DDN (E.D. Mo. Apr. 8, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)); *Stewart v. White*, No. 4:21-cv-7-JAR (E.D. Mo. June 22, 2021) (case dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Stewart v. Williams*, No. 4:21-cv-8-MTS (E.D. Mo. Apr. 12, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)); *Stewart v. Thomas*, No. 4:21-cv-9-SRW (E.D. Mo. Apr. 6, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)); and *Stewart v. Goldfarb*, No. 4:21-cv-785-NCC (E.D. Mo. July 2, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)).

to petitioner, this arrest constituted his second arrest for the same case, and amounts to double jeopardy.

On March 2, 1998, petitioner contends that he was unlawfully arrested by the City of Vinita Park police. He states that he was not questioned, and that this was the third arrest for the same case, violating the Double Jeopardy Clause.

Finally, on March 26, 1998, petitioner states that he was unlawfully arrested by the Circuit Court of St. Louis County, which accepted transfer from the City of Vinita Park. He alleges that the circuit court's acceptance of this case constituted his fourth arrest, in violation of the Double Jeopardy Clause. Petitioner further notes that the case was accepted "without a witness statement accusing [him] of committing a crime in any city in the world." He remained in custody until June 25, 1998, at which point he pleaded guilty and was sentenced to time already served.

Based on these facts, petitioner asks the Court to "overturn" his 1998 conviction. (Docket No. 1 at 58).

## Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for preliminary review of a 28 U.S.C. § 2254 petition before directing the respondent to answer. Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of court to notify the petitioner." Having reviewed the petition and the underlying state court actions, and for the reasons discussed below, it appears that the petition is untimely. Therefore, petitioner will be ordered to show cause as to why this petition should not be dismissed.

**A. Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"); and *State v. Waters*, 597 S.W.3d 185, 189 (Mo. 2020) (explaining that "[a] judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court").

In this case, as noted above, petitioner was sentenced on June 25, 1998. He did not file a direct appeal. Therefore, petitioner's judgment became final ten days later, on July 6, 1998,[5] when

---

[5] Ten days from June 25, 1998 was Sunday, July 5, 1998. When the last day of the period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the judgment became final on Monday, July 6, 1998.

his time for seeking appellate review expired. From that date, petitioner had one year to timely file a 28 U.S.C. § 2254 petition for writ of habeas corpus. That period ended on July 6, 1999. Petitioner did not file the instant action until April 13, 2022, twenty-two years and nine months after the one-year statute of limitations terminated.

With regard to tolling, petitioner acknowledges that the only "appeal" he filed was a petition for writ of habeas corpus submitted to the United States District Court for the Eastern District of Arkansas. This petition was submitted on October 6, 2021, twenty-two years and three months after the one-year deadline had already expired. For these reasons, it appears that the instant petition is time-barred.

**B. Order to Show Cause**

As previously noted, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a 28 U.S.C. § 2254 petition if it plainly appears that the petitioner is not entitled to relief. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, the Court will order petitioner to show cause, in writing and not later than thirty (30) days from the date of this order, as to why this action should not be dismissed as untimely. Petitioner should address any perceived error in the Court's calculation of his limitations period, as well as the issue of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining that a petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").

6

### C. Filing Fee

Petitioner has not paid the filing fee or filed a motion for leave to proceed in forma pauperis. The Court will therefore direct petitioner to either pay the entire fee or file for leave to proceed in forma pauperis within thirty (30) days of the date of this order. Failure to comply will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that petitioner must either pay the filing fee or file a motion for leave to proceed in forma pauperis within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to pay the filing fee or file a motion for leave to proceed in forma pauperis within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing and within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response within **thirty (30) days** of the date of this order will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

_/s/ Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of April, 2022