UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILLIP DEWAYNE STEWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:22-cv-00449-PLC |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On April 28, 2022, the Court ordered petitioner Phillip Dewayne Stewart to show cause as to why his 28 U.S.C. § 2254 petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). (Docket No. 3). He was given thirty days in which to respond. More than thirty days have elapsed, and petitioner has not complied. Therefore, for the reasons discussed below, the petition will be denied and dismissed as untimely.

**Background**

Petitioner is a self-represented litigant who apparently filed this action while incarcerated in an Arkansas state prison. It is unclear, however, whether he is still an inmate in the Arkansas Department of Corrections.[1]

In any event, on March 12, 1998, a grand jury indicted petitioner on two counts of sexual abuse. *State of Missouri v. Stewart*, No. 2198R-01202 (21st Jud. Cir., St. Louis County).[2] On June

---

[1] A search for petitioner by both name and inmate number returned no results from the Arkansas Department of Correction's online inmate locator.

[2] Petitioner provides his case number as "98-CR-1202." Upon reviewing his records on Case.net, Missouri's online case management system, the Court has determined that his actual case number is 2198R-01202. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

25, 1998, he pleaded guilty to one count of sexual abuse, with the second count being dismissed. *State of Missouri v. Stewart*, No. 2198R-01202-01 (21st Jud. Cir., St. Louis County). On that date, he was sentenced to four months in custody, credited for time served, and ordered to be released. Petitioner did not file an appeal.

On January 12, 2012, petitioner pleaded guilty to first-degree battery in Arkansas state court. *State of Arkansas v. Stewart*, No. 60-cr-10-1859. Thereafter, on June 25, 2012, he pleaded guilty to failing to register as a sex offender. *State of Arkansas v. Stewart*, No. 60-cr-12-558. As a result of these convictions, petitioner states that he was given a ten-year sentence. Furthermore, he asserts that because of the 1998 Missouri conviction, his sentence was enhanced, and he had to serve one-hundred percent of the sentence, instead of the "one third of [his] ten year prison sentence" he "normally" would have been required to serve. (Docket No. 1 at 13). The Court notes that it appears petitioner's failure to register offense in Arkansas was related to his 1998 Missouri conviction, to the effect that the 1998 conviction required him to register as a sex offender.

On October 6, 2021, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Arkansas. *Stewart v. Arkansas Department of Corrections*, No. 4:21-cv-925-LPR (E.D. Ark.). In the petition, he challenged his 1998 Missouri conviction for sexual abuse. The Eastern District of Arkansas dismissed the petition without prejudice on December 10, 2021. In its order, the Eastern District of Arkansas noted that petitioner's 1998 Missouri conviction had been fully served, and that petitioner was collaterally attacking a conviction for which he was not currently incarcerated. Petitioner did not file an appeal.

Petitioner filed the instant petition on April 13, 2022, by placing it in his prison's mailing system.[3]

---

[3] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

The instant petition for writ of habeas corpus was brought pursuant to 28 U.S.C. § 2254. It was handwritten on a Court-provided form and is fifty-eight pages long. On the first page, petitioner noted that he was challenging a 1998 conviction, and that his sentence concluded on June 25, 1998. (Docket No. 1 at 1). He acknowledged that he never sought direct review of this case, with the exception of his unsuccessful petition for writ of habeas corpus in the Eastern District of Arkansas. (Docket No. 1 at 2).

The petition contained four separate grounds for relief: (1) unlawful detainment; (2) double jeopardy; (3) prosecutorial misconduct; and (4) ineffective assistance of counsel. (Docket No. 1 at 5, 17, 28, 35). All of petitioner's grounds stemmed from the same set of facts leading to his conviction.[4]

To begin, petitioner asserted that he was arrested by the City of Pine Lawn police on February 11, 1998. He stated that the arrest was unlawful because there was no witness statement accusing him of a crime in Pine Lawn, and because he was not questioned.

Petitioner explained that he was held three days in the City of Pine Lawn, until he was arrested by the City of Overland police on February 13, 1998. As before, he alleged the arrest was unlawful because there was no witness statement accusing him of a crime in Overland. According to petitioner, this arrest constituted his second arrest for the same case, and amounted to double jeopardy.

---

[4] The Court notes that these same facts were also the basis of seven separate civil rights actions filed pursuant to 42 U.S.C. § 1983. All of these cases were dismissed on initial review. *See Stewart v. Caldwell*, No. 4:20-cv-675-SEP (E.D. Mo. May 29, 2020) (case dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Stewart v. Goldfarb*, No. 4:21-cv-5-JAR (E.D. Mo. Apr. 6, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)); *Stewart v. Johnson*, No. 4:21-cv-6-DDN (E.D. Mo. Apr. 8, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)); *Stewart v. White*, No. 4:21-cv-7-JAR (E.D. Mo. June 22, 2021) (case dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Stewart v. Williams*, No. 4:21-cv-8-MTS (E.D. Mo. Apr. 12, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)); *Stewart v. Thomas*, No. 4:21-cv-9-SRW (E.D. Mo. Apr. 6, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)); and *Stewart v. Goldfarb*, No. 4:21-cv-785-NCC (E.D. Mo. July 2, 2021) (case dismissed pursuant to 28 U.S.C. § 1915(g)).

On March 2, 1998, petitioner contended that he was unlawfully arrested by the City of Vinita Park police. He stated that he was not questioned, and that this was the third arrest for the same case, violating the Double Jeopardy Clause.

Finally, on March 26, 1998, petitioner stated that he was unlawfully arrested by the Circuit Court of St. Louis County, which accepted transfer from the City of Vinita Park. He alleged that the circuit court's acceptance of this case constituted his fourth arrest, in violation of the Double Jeopardy Clause. Petitioner further noted that the case was accepted "without a witness statement accusing [him] of committing a crime in any city in the world." He remained in custody until June 25, 1998, at which point he pleaded guilty and was sentenced to time already served.

Based on these facts, petitioner asked the Court to "overturn" his 1998 conviction. (Docket No. 1 at 58).

The Court conducted a preliminary review of petitioner's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, the Court determined that the petition appeared time-barred. More specifically, the Court calculated that petitioner filed his petition approximately twenty-two years and nine months after the one-year limitations period expired. Accordingly, the Court directed petitioner to show cause as to why this action should not be dismissed as untimely. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). He was further advised that his response should address any perceived error in the Court's calculation of his limitations period, as well as the issue of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining that a petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").

Petitioner was given thirty days in which to file his show cause response, and advised that a failure to respond would result in the dismissal of this action without further proceedings. The Court also directed petitioner to either pay the filing fee or file a motion for leave to proceed in forma pauperis. On May 2, 2022, petitioner paid the filing fee. However, despite being given substantially longer than thirty days to submit a response, the Court has had no other communications from petitioner.

## Discussion

Petitioner is a self-represented litigant who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 28, 2022, the Court ordered him to file a show cause response as to why his petition should not be dismissed as time-barred. Petitioner has not complied. As such, for the reasons discussed below, the Court will deny and dismiss the petition as untimely.

### A. Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner.

5

*See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"); and *State v. Waters*, 597 S.W.3d 185, 189 (Mo. 2020) (explaining that "[a] judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court").

In this case, as set forth above, petitioner was sentenced on June 25, 1998. He did not file a direct appeal. Therefore, petitioner's judgment became final ten days later, on July 6, 1998,[5] when his time for seeking appellate review expired. From that date, petitioner had one year to timely file a 28 U.S.C. § 2254 petition for writ of habeas corpus. That period ended on July 6, 1999. Petitioner did not file the instant action until April 13, 2022, twenty-two years and nine months after the one-year statute of limitations terminated.

**B. Postconviction Tolling**

The Court notes that the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). To that end, an application for post-conviction relief "is pending as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

---

[5] Ten days from June 25, 1998 was Sunday, July 5, 1998. When the last day of the period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). The Court further notes that the Independence Day holiday occurred on Friday, July 3, 1998. *See* https://www.govexec.com/federal-news/1997/12/1998-federal-holidays-set/5248/. Accordingly, the judgment became final on Monday, July 6, 1998.

By way of further explanation, state post-conviction relief proceedings are pending for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it. *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000) (stating that the "ordinary meaning of the word 'pending'…includes the entire period during which a notice of appeal from a denial of post-conviction review would be timely, assuming such a notice was in fact filed"). However, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003).

In this case, petitioner acknowledges that the only "appeal" he filed was a petition for writ of habeas corpus submitted to the United States District Court for the Eastern District of Arkansas. This petition was submitted on October 6, 2021, twenty-two years and three months after the one-year deadline had already expired. There is no indication that petitioner filed any other postconviction motions relating to his 1998 conviction that would serve to toll the one-year statute of limitations.

### C. Equitable Tolling

Because the statute of limitations in 28 U.S.C. § 2244(d) is not jurisdictional, it is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). "A prisoner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing." *Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and

infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

In this case, petitioner was given the opportunity to show cause as to why his case should not be dismissed as untimely. The Court expressly advised him to address the issue of equitable tolling. Despite being given more than thirty days to comply, petitioner has not submitted a show cause response. Even if he had, it is difficult to imagine the circumstances that would excuse petitioner's filing twenty-two years after the expiration of the statute of limitations. Regardless, due to petitioner's failure to respond, there is no basis on which the Court can equitably toll the one-year limitations period for his 1998 conviction.

### D. Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for preliminary review of a 28 U.S.C. § 2254 petition before directing the respondent to answer. Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of court to notify the petitioner."

Having reviewed the petition and the underlying state court actions, the Court has determined that the petition is untimely. More to the point, petitioner's judgment became final on July 6, 1998, but he did not file the instant action until April 13, 2022, well over twenty-two years after the conclusion of the one-year limitations period. The Court gave petitioner an opportunity to show cause as to why his case should not be dismissed, advising him to address this Court's calculations, as well as the issue of equitable tolling. However, petitioner did not respond. Therefore, his 28 U.S.C. § 2254 petition for writ of habeas corpus must be denied and dismissed as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A).

8

### E. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 6th day of July, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

9