**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILLIP DEWAYNE STEWART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00449-PLC |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a document submitted by petitioner Phillip Dewayne Stewart that has been construed as a motion for reconsideration. (Docket No. 6). For the reasons discussed below, the motion will be denied.

### Background

Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on April 13, 2022, by placing it in his institution's mailing system.[1] The petition challenged his June 25, 1998 conviction in *State of Missouri v. Stewart*, No. 2198R-01202-01 (21st Jud. Cir., St. Louis County). Because the petition appeared time-barred, the Court directed petitioner to show cause as to why his petition should not be denied and dismissed. Despite being given over thirty days in which to comply, petitioner did not file a show cause response. On July 6, 2022, the Court denied and dismissed his petition as time-barred.

---

[1] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

**Motion for Reconsideration**

On August 4, 2022, the Court received the instant motion for reconsideration, in which petitioner lists his "objections" to the Court's dismissal of his case as time-barred. (Docket No. 6). He begins by asserting that there is no "record" in the "Post Office" for "where [he] had to sign for a show cause order at all," and that he "never signed any court order response." (Docket No. 6 at 2).

Regarding timeliness, petitioner claims only that he timely filed his habeas petition on October 6, 2021. (Docket No. 6 at 1). The rest of his motion is spent arguing that his conviction in the State of Missouri was wrongly used by the State of Arkansas in its sex offender screening registration assessment, and resulted in his conviction in Arkansas for failing to register as a sex offender. (Docket No. 6 at 3-4). Petitioner's argument is based on an apparent discrepancy in case numbers. Petitioner asserts that his Missouri criminal case number is 98CR-1202, while the Court determined that it was actually 2198R-01202.[2]  Based on this discrepancy, he insists that the State of Missouri "sent [an] unlawful conviction" to the State of Arkansas. (Docket No. 6 at 6).

**Discussion**

The Court has denied and dismissed petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred. Petitioner has filed a motion for reconsideration, objecting to the Court's dismissal. Having reviewed the motion, the Court finds that it should be denied.

Petitioner's motion consists of conclusory statements alleging that his Missouri conviction is "unlawful," that the Circuit Court of St. Louis County is responsible for him being classified as

---

[2] As noted in the Court's earlier order, petitioner provides his case number as "98-CR-1202." Upon reviewing his records on Case.net, Missouri's online case management system, the Court has determined that his actual case number is 2198R-01202, which corresponds with the dates petitioner has provided. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

a sex offender in Arkansas, and that his conviction should be voided. Nothing in this response actually addresses the timeliness issue. Most of petitioner's motion focuses instead on his case number.

Regardless of the case number, petitioner has acknowledged that he was convicted and sentenced on June 25, 1998. (Docket No. 1 at 1; Docket No. 6 at 3). There is no indication that petitioner filed an appeal.

Under 28 U.S.C. § 2244(d)(1)(A), a judgement becomes final when the time for seeking review in the state's highest court expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Because petitioner did not file a direct appeal, his judgment became final ten days after his sentencing. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final").

As petitioner was sentenced on June 25, 1998, his judgment became final ten days later, on July 6, 1998,[3] when his time for seeking appellate review expired. From that date, petitioner had one year to timely file a 28 U.S.C. § 2254 petition for writ of habeas corpus. That period ended on July 6, 1999. Petitioner did not file the instant action until April 13, 2022, twenty-two years and nine months after the one-year statute of limitations terminated.

---

[3] Ten days from June 25, 1998 was Sunday, July 5, 1998. When the last day of the period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). The Court further notes that the Independence Day holiday occurred on Friday, July 3, 1998. *See https://www.govexec.com/federal-news/1997/12/1998-federal-holidays-set/5248/.* Accordingly, the judgment became final on Monday, July 6, 1998.

The Court has found no indication of any postconviction actions filed in state court that would have tolled petitioner's statute of limitations. Petitioner did file a 28 U.S.C. § 2254 petition in the United States District Court for the Eastern District of Arkansas on October 6, 2021. Indeed, he insists that this date is the date he "timely filed [his] habeas petition." (Docket No. 6 at 1). By the time petitioner filed this federal habeas action, however, his one-year deadline had already been expired for twenty-two years and three months.

For these reasons, the Court will decline to alter or amend its judgment. The Court concludes that petitioner's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion merely revisits the arguments raised in his initial filing. Specifically, petitioner contends that his conviction in Missouri was improperly used in criminal proceedings occurring in Arkansas. Nonetheless, the motion does not demonstrate that his attack on his 1998 conviction is timely, or that equitable tolling should be applied. Therefore, petitioner's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration (Docket No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this _8th_ day of ____August____, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE